1  DOUGLAS Q. HAHN, SBN 257559
    dhahn@sycr.com
2  SALIL BALI, SBN 263001
    sbali@sycr.com
3  STRADLING YOCCA CARLSON & RAUTH, P.C.
   660 Newport Center Drive, Suite 1600
4  Newport Beach, CA 92660-6422
   Telephone: (949) 725-4000
5  Facsimile: (949) 725-4100

6  Attorneys for Defendant/Counterclaim Plaintiff
   Alka Products, Inc.
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| NIAGARA BOTTLING, LLC, a Delaware limited liability company, | CASE NO. 17-cv-01688 |
| | Judge Christina A. Snyder |
| Plaintiff and Counterclaim Defendant, | **ANSWER AND COUNTERCLAIMS** |
| vs. | Complaint Filed: August 21, 2017 |
| ALKA PRODUCTS, INC., a California Corporation, | |
| Defendant and Counterclaim Plaintiff. | |

Defendant Alka Products, Inc. (hereinafter "Alka") answers the Complaint as follows:

## ANSWER

## NATURE OF THE CASE

1. Alka admits the instant action for patent infringement purports to arise under the laws of the United States, Title 35, § 271 United States Code. Alka denies, however, that Niagara Bottling, LLC's ("Niagara") claims have any factual or legal basis. Alka denies all remaining allegations in Paragraph 1.

## THE PARTIES

2. Alka lacks the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and, therefore, denies the same.

3. Alka admits that it is a California corporation with a primary place of business at 7125 Telegraph Road, Montebello, California 90640.

## JURISDICTION AND VENUE

4. Alka admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. § 1331 and denies all remaining allegations in Paragraph 4 of the Complaint.

5. Alka admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) and denies all remaining allegations in Paragraph 5 of the Complaint.

6. Alka admits that it is a California corporation with a primary place of business in Montebello, California and denies all remaining allegations in Paragraph 6 of the Complaint.

## GENERAL ALLEGATIONS

7. Alka lacks the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and, therefore, denies the same.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2169139v2/105138-0001

-1-
ANSWER AND COUNTERCLAIMS

8. Alka lacks the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies the same.

9. Alka admits that Claim 12 of the '902 patent speaks for itself and denies all remaining allegations in Paragraph 9 of the Complaint.

10. Alka lacks the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies the same.

## FIRST CAUSE OF ACTION
### (Infringement of the '902 Patent)

11. Alka incorporates by reference each and every response set forth above, as though fully set forth herein.

12. Alka admits that it makes and sells the Alka Power drinking water product, which is advertised by Alka Power as being filtered and purified, having added alkaline minerals, and having a stable pH in the range of 9-10 and denies all remaining allegations in Paragraph 12 of the Complaint.

13. Alka denies the allegations contained in Paragraph 13 of the Complaint.

14. Alka denies the allegations contained in Paragraph 14 of the Complaint.

15. Alka denies the allegations contained in Paragraph 15 of the Complaint.

## AFFIRMATIVE DEFENSES
### First Affirmative Defense – Failure to State Claim

16. The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense – Non Infringement

17. Patent Number 6,572,902 is not infringed by Alka.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-
ANSWER AND COUNTERCLAIMS
LITIOC/2169139v2/105138-0001

### Third Affirmative Defense - Invalidity

18. The 6,572,902 patent, as construed to cover the Alka products accused of infringement in the Complaint, is invalid.

### Fourth Affirmative Defense – Patent Misuse

19. Plaintiff's Complaint is barred as an improper attempt to expand the scope of its patent rights.

### Fifth Affirmative Defense – Unclean Hands

20. Plaintiff's claims against Defendants are barred by the doctrine of unclean hands.

### Sixth Affirmative Defense – Laches

21. The Complaint is barred by the doctrine of laches and/or estoppel.

### Seventh Affirmative Defense – Waiver

22. Plaintiff has engaged in conduct and activities sufficient to constitute a waiver and/or a release of any and all claims that Plaintiff may have or may have had against Defendant arising from the transactions and occurrences set forth in the Complaint.

### RESERVATION OF ADDITIONAL DEFENSES

23. In addition to the defenses set forth above, Alka expressly reserves the right to amend its Answer in order to allege or assert any additional defenses or affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure or any other defense, either at law or in equity, that may now exist or that may become known or available in the future based on discovery and investigation in this action.

### ANSWER TO PRAYER FOR RELIEF

24. Defendant denies all allegations in sub-paragraphs (a) through (f) and further denies that the Plaintiff is entitled to any of the requested relief.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-
ANSWER AND COUNTERCLAIMS
LITIOC/2169139v2/105138-0001

## ALKA'S COUNTERCLAIMS

25.    Defendant and counterclaimant Alka counterclaims and alleges against plaintiff and counterclaim defendant Niagara as follows:

## THE PARTIES

26.    Defendant and counterclaimant Alka is and at all times pertinent to this action has been, a California corporation with its principal place of business at 7125 Telegraph, Road, Montebello, California 90640.

27.    On information and belief, Plaintiff and Counterclaim Defendant Niagara Bottling, LLC ("Niagara") is a Delaware limited liability company with its principal place of business at 2560 East Philadelphia Street, Ontario, California 91761.

## JURISDICTION AND VENUE

28.    This Court has federal question jurisdiction pursuant to  28 U.S.C. §§ 1331, 1338(a) and (b), and the Declaratory Judgment Act, 28 U.S.C. § 2201.

29.    This Court has personal jurisdiction over counterclaim defendants because Niagara's principal place of business is in California, because defendant voluntarily submitted to the jurisdiction of this Court by filing this action and because defendant maintain sufficient continuous and systematic contacts with California and this Judicial District, by virtue of their transacting, doing and soliciting business in this Judicial District and because a substantial part of the relevant events occurred in this Judicial District.

30.    Venue is proper before this Court pursuant to 28 U.S.C. §1400(b) and by virtue of counterclaim defendants bringing suit in this Court.

## GENERAL ALLEGATIONS

31.    Alka is a consumer facing company focused on providing its customers an all-natural ionic calcium alkaline water, using its patented filtration and calcium infusion system.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-
ANSWER AND COUNTERCLAIMS
LITIOC/2169139v2/105138-0001

32. Alka markets its drinking water under its Alka Power brand and certifies its alkalinity to be between 9-10 pH.

33. On information and belief, Niagara owns or controls U.S. Patent 6,572,902, entitled "Process for Producing Improved Alkaline Drinking Water and the Product Produced Thereby" (the "'902 patent").

34. Alka has not infringed and does not infringe in any manner any valid and enforceable claim of the '902 patent, either literally or under the doctrine of equivalents.

35. Consequently and by way of Niagara's Complaint against Alka, there is an actual case and/or controversy between the parties over the non-infringement of the '902 patent.

## FIRST COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,572,902)**

36. Alka restates and incorporates by reference, as if fully set forth herein, each of the allegations in the preceding paragraphs.

37. An actual case or controversy exists between Alka and Niagara as to whether the '902 patent is not infringed by Alka.

38. A judicial declaration is necessary and appropriate so that Alka may ascertain its rights relating to the '902 patent.

39. Alka has not infringed and does not infringe, directly or indirectly, by inducement or by contribution, any valid and enforceable claim of the '902 patent, either literally or under the doctrine of equivalents.

40. This is an exceptional case under 35 U.S.C. §285 including without limitation because Niagara filed its Complaint with knowledge of the facts stated in these Counterclaims.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-
ANSWER AND COUNTERCLAIMS

LITIOC/2169139v2/105138-0001

## PRAYER FOR RELIEF

WHEREFORE, Alka prays for an award against counterclaim defendants as follows:

A. That the Court enter judgment in favor of Alka and against counterclaim defendants on all counterclaims asserted herein;

B. That counterclaim defendants take nothing as a result of this action;

C. A declaration that Alka has not infringed any valid claims of the Niagara Design Patents;

D. Award Alka its costs and expenses of litigation, including attorneys' fees and expert witnesses fees, as consequence of counterclaim defendants' conduct pursuant to 35 U.S.C. §285 and any other applicable authority;

E. Such other relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Alka respectfully demands a jury trial of all issues triable to a jury in this action.

DATED: December 1, 2017      STRADLING YOCCA CARLSON & RAUTH, P.C.

By: */s/ Douglas Q. Hahn*
    Douglas Q. Hahn
    Salil Bali
    Attorneys for Defendant